1  Elizabeth Berke-Dreyfuss (Bar No. 114651)
   Tracy Green (Bar No. 114876)
2  **WENDEL, ROSEN, BLACK & DEAN LLP**
   1111 Broadway, 24th Floor
3  Oakland, California 94607-4036
   Telephone: (510) 834-6600
4  Fax: (510) 834-1928
   Email: edreyfuss@wendel.com
5  Email: tgreen@wendel.com
6  Attorneys for Defendant Susan L. Uecker, the
   Receiver for CallSocket, L.P., CallSocket II, L.P.,
7  CallSocket III, L.P., CallSocket, LLC, CallSocket
   II, LLC, CallSocket III, LLC, CallSocket Holding
8  Company, LLC, and CallSocket Holding
   Company LLC

9

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13               SAN FRANCISCO DIVISION

14

15  ANGEL KEENE                          Case No. 16-06926-MEJ
            Plaintiff,
16
        vs.
17  CALLSOCKET, L.P.; CALLSOCKET II,     **NOTICE OF STAY**
    L.P.; CALLSOCKET III, L.P.;
18  CALLSOCKET, LLC; CALLSOCKET II,
    LLC; CALLSOCKET III, LLC;
19  CALLSOCKET HOLDING COMPANY,
    LLC; CALLSOCKET II HOLDING
20  COMPANY, LLC; THOMAS HENDERSON;
    and SUSAN L. UECKER,
21
            Defendants.
22

23

24      TO THE COURT AND ALL PARTIES, AND THEIR COUNSEL OF RECORD:

25      Defendant, Susan L. Uecker, the Federal Receiver for CallSocket, L.P., CallSocket II, L.P.,

26  CallSocket III, L.P., CallSocket, LLC, CallSocket II, LLC, CallSocket III, LLC, CallSocket

27  Holding Company, LLC, and CallSocket Holding Company III, LLC, notifies all parties that on

28  March 29, 2017, the United States District Court for the Northern District of California entered a

1

009589.0023\4650664.1

Stay of Litigation as part of the Order Appointing Receiver and Monitor in the pending litigation, *Securities and Exchange Commission v. San Francisco Regional Center, LLC et al.*, Case No. 17-00223 RS, a true and correct copy of which is attach heto as **Exhibit A**. (See, Order Appointing Receiver and Monitor, Section VIII, ¶ ¶ 31-33.

DATED:  March 31, 2017                    WENDEL, ROSEN, BLACK & DEAN LLP

                                   By:        */s/ Elizabeth Berke-Dreyfuss*
                                        Elizabeth Berke-Dreyfuss
                                        Defendant Susan L. Uecker, the Receiver for
                                        CallSocket, L.P., CallSocket II, L.P., CallSocket
                                        III, L.P., CallSocket, LLC, CallSocket II, LLC,
                                        CallSocket III, LLC, CallSocket Holding
                                        Company, LLC, and CallSocket Holding
                                        Company III, LLC

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24ᵗʰ Floor
Oakland, California 94607-4036

009589.0023\4650664.1

NOTICE OF STAY

# EXHIBIT A

1  JINA L. CHOI (N.Y. Bar No. 2699718)
   ERIN E. SCHNEIDER (Cal. Bar No. 216114)
2    schneidere@sec.gov
   STEVEN D. BUCHHOLZ (Cal. Bar No. 202638)
3    buchholzs@sec.gov
   ANDREW J. HEFTY (Cal. Bar No. 220450)
4    heftya@sec.gov
   SUSAN F. LaMARCA (Cal. Bar No. 215231)
5    lamarcas@sec.gov
   THOMAS J. EME (Ill. Bar No. 6224870)
6    emet@sec.gov

7  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
8  44 Montgomery Street, Suite 2800
   San Francisco, CA 94104
9  Telephone: (415) 705-2500
   Facsimile:  (415) 705-2501

10

                    UNITED STATES DISTRICT COURT
11
                   NORTHERN DISTRICT OF CALIFORNIA
12
                       SAN FRANCISCO DIVISION
13

14
   SECURITIES AND EXCHANGE COMMISSION,    Case No. 3:17-cv-00223-RS
15
              Plaintiff,
16
        v.                                ~~[PROPOSED]~~ ORDER APPOINTING
17                                         RECEIVER AND MONITOR
   SAN FRANCISCO REGIONAL CENTER, LLC;
18 THOMAS M. HENDERSON; CALIFORNIA
   GOLD MEDAL, L.P.; CALLSOCKET, L.P.;
19 CALLSOCKET II, L.P.; CALLSOCKET III, L.P.;
   COMPREHENSIVE CARE OF OAKLAND, L.P.;
20 NA3PL, L.P.; WEST OAKLAND PLAZA, L.P.;
   CALLSOCKET, LLC; CALLSOCKET II, LLC;
21 CALLSOCKET III, LLC; COMPREHENSIVE
   CARE OF CALIFORNIA, LLC; IMMEDIA, LLC;
22 and NORTH AMERICA 3PL, LLC,

23            Defendants, and

24 CALLSOCKET HOLDING COMPANY,
   LLC; CALLSOCKET III HOLDING
25 COMPANY, LLC; BERKELEY
   HEALTHCARE DYNAMICS, LLC;
26 CENTRAL CALIFORNIA FARMS, LLC;
   and JL GATEWAY, LLC,
27
              Relief Defendants.
28

EXHIBIT "A"

1      This matter came before this Court upon the motion of the Securities and Exchange

2  Commission ("SEC"or "Commission") for an order seeking the appointment of a receiver over San

3  Francisco Regional Center, LLC; California Gold Medal, L.P.; CallSocket, L.P.; CallSocket II, L.P.;

4  CallSocket III, L.P.; Comprehensive Care of Oakland, L.P.; NA3PL, L.P.; West Oakland Plaza, L.P.;

5  CallSocket, LLC; CallSocket II, LLC; CallSocket III, LLC; Comprehensive Care of California, LLC;

6  Immedia, LLC; North America 3PL, LLC (collectively, the "entity Defendants"); CallSocket Holding

7  Company, LLC; CallSocket III Holding Company, LLC; Berkeley Healthcare Dynamics, LLC;

8  Central California Farms, LLC; and JL Gateway, LLC (collectively, the "Relief Defendants").  The

9  Court has considered the Commission's Motion for Preliminary Injunction and for the Appointment

10  of Receiver and the Declarations of Ellen Chen, Thomas J. Eme, and Andrew J. Hefty, the exhibits

11  thereto, and any responses thereto; and the record in these proceedings before the Court.

12      On the basis of this record, the Court finds that this Court has subject matter jurisdiction over

13  this action and personal jurisdiction over the entity Defendants and Relief Defendants.  The Court

14  also finds that the appointment of a receiver in this action is necessary and appropriate for the

15  purposes of marshaling and preserving all assets of Defendants San Francisco Regional Center, LLC;

16  California Gold Medal, L.P.; Callsocket, L.P.; Callsocket II, L.P.; Callsocket III, L.P.; NA3PL, L.P.;

17  West Oakland Plaza, L.P.; Callsocket, LLC; Callsocket II, LLC; Callsocket III, LLC; Immedia, LLC

18  (collectively, the "Receivership Defendants"); and of Relief Defendants CallSocket Holding

19  Company, LLC; CallSocket III Holding Company, LLC; Central California Farms, LLC; and JL

20  Gateway, LLC (collectively, "Receivership Relief Defendants") that: (a) are attributable to funds

21  derived from investors of the Defendants or Relief Defendants; (b) are held in constructive trust for

22  the entity Defendants or Relief Defendants; (c) were fraudulently transferred by the Defendants or

23  Relief Defendants; and/or (d) may otherwise be includable as assets of the estates of the entity

24  Defendants or Relief Defendants (collectively, the "Recoverable Assets").

25      The Court further finds that the appointment of a monitor in this action is necessary and

26  appropriate as to Defendants Comprehensive Care of California, LLC; Comprehensive Care of

27  Oakland, L.P.; and North America 3PL, LLC (collectively, the "Monitorship Defendants"); and of

28  Relief Defendant Berkeley Healthcare Dynamics, LLC (the "Monitorship Relief Defendant").

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Commission's Motion for Appointment of a Receiver is GRANTED as to the Receivership Defendants and Receivership Relief Defendants.

2.      This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the Receivership Defendants and Receivership Relief Defendants.

3.      Until further Order of this Court, Susan L. Uecker is hereby appointed to serve without bond as receiver (the "Receiver") for the estates of the Receivership Defendants and the Receivership Relief Defendants.

4.      Until further Order of this Court, Susan L. Uecker is also hereby appointed to serve without bond as monitor (the "Monitor") for the estates of the Monitorship Defendants and the Monitorship Relief Defendant.

5.      Within 45 days of the date of this Order, the Monitor will submit a report to the Court as to (a) whether there are reasons justifying expansion of her authority over the Monitorship Defendants and Monitorship Relief Defendant from "monitor" to "receiver," and; (b) the likelihood, if any, that her appointment as a receiver over any or all of the Monitorship Defendants and Monitorship Relief Defendant would cause disruption to any of those entities' contractual relationships with third parties.

## I.      General Powers and Duties of Receiver

6.      The Receiver shall have all powers, authorities, rights, and privileges heretofore possessed by the officers, directors, managers, and general and limited partners of the Receivership Defendants and Relief Defendants under applicable state and federal law, by the governing charters, by-laws, articles, and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959, and 1692, and Fed. R. Civ. P. 66.

7.      The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys, and other agents of the Receivership Defendants and Relief Defendants are hereby dismissed and the powers of any general partners, directors, and/or managers are hereby

1  suspended.  Such persons and entities shall have no authority with respect to the Receivership

2  Defendants' and Relief Defendants' operations or assets, except to the extent as may hereafter be

3  expressly granted by the Receiver.  The Receiver shall assume and control the operation of the

4  Receivership Defendants and Relief Defendants and shall pursue and preserve all of their claims.

5        8.      No person, other than the Receiver, holding or claiming any position of any sort with

6  any of the Receivership Defendants or Relief Defendants shall possess any authority to act by or on

7  behalf of any of the Receivership Defendants or Relief Defendants.

8        9.      Subject to the specific provisions in Sections II through XIII below, the Receiver shall

9  have the following general powers and duties:

10       A.    To use reasonable efforts to determine the nature, location, and value of all
             property interests of the Receivership Defendants and Relief Defendants and
11           all other Recoverable Assets, including, but not limited to, monies, funds,
             securities, credits, effects, goods, chattels, lands, premises, leases, claims,
12           rights, and other assets, together with all rents, profits, dividends, interest, or
             other income attributable thereto, of whatever kind, which the Receivership
13           Defendants or Relief Defendants own, possess, have a beneficial interest in, or
             control directly or indirectly ("Receivership Property" or, collectively, the
14           "Receivership Estates");

15       B.    To take custody, control, and possession of all Receivership Property and
             records relevant thereto from the Receivership Defendants and Relief
16           Defendants; to sue for and collect, recover, receive, and take into possession
             from third parties all Receivership Property and records relevant thereto;
17

18       C.    To manage, control, operate, and maintain the Receivership Estates and hold in
             her possession, custody, and control all Receivership Property, pending further
19           Order of this Court;

20       D.    To use Receivership Property for the benefit of the Receivership Estates,
             making payments and disbursements and incurring expenses as may be
21           necessary or advisable in the ordinary course of business in discharging her
             duties as Receiver;

22       E.    To take any action which, prior to the entry of this Order, could have been
23           taken by the officers, directors, partners, managers, trustees, and agents of the
             Receivership Defendants or Relief Defendants;

24       F.    To engage and employ persons in her discretion to assist her in carrying out
             her duties and responsibilities hereunder, including, but not limited to,
25           accountants, attorneys, securities traders, registered representatives, financial
             or business advisers, liquidating agents, real estate agents, forensic experts,
26           brokers, traders, or auctioneers;

27       G.    To take such action as necessary and appropriate for the preservation of
28           Receivership Property or to prevent the dissipation or concealment of
             Receivership Property;

H.   To issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure, concerning any subject matter within the powers and duties granted by this Order;

I.   To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging her duties as Receiver;

J.   To pursue, resist, and defend all suits, actions, claims, and demands which may now be pending or which may be brought by or asserted against the Receivership Estates; and

K.   To take such other action as may be approved by this Court.

## II.   Access to Information

10.   The officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of the Receivership Defendants and Relief Defendants, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Defendants or Relief Defendants and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts, and all other instruments and papers.

11.   Within twenty (20) days of the entry of this Order, the Receivership Defendants and Relief Defendants shall serve upon the Receiver and the Commission a sworn statement, listing: (a) the identity, location, and estimated value of all Receivership Property; (b) all employees (and job titles thereof), other personnel, attorneys, accountants, and any other agents or contractors of the Receivership Defendants and Relief Defendants; and, (c) the names, addresses, and amounts of claims of all known creditors of the Receivership Defendants and Relief Defendants.

12.   Within thirty (30) days of the entry of this Order, the Receivership Defendants and Relief Defendants shall provide to the Receiver and the Commission copies of the Receivership Defendants' and Relief Defendants' federal income tax returns for the tax years 2010 through 2015, with all relevant and necessary underlying documentation.

13.   The officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of the Receivership Defendants and Relief Defendants, as well as those acting in their place, shall answer to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the

1 | Receivership Defendants and Relief Defendants, or any other matter relevant to the operation or

2 | administration of the receivership or the collection of funds due to the Receivership Defendants.  In

3 | the event that the Receiver deems it necessary to require the appearance of the aforementioned

4 | persons or entities, the Receiver shall make discovery requests in accordance with the Federal Rules

5 | of Civil Procedure.

6 |        14.    The Receivership Defendants and Relief Defendants, individual Defendant Thomas

7 | M. Henderson, the officers, directors, agents, managers, general and limited partners, trustees,

8 | attorneys, accountants, and employees of the Receivership Defendants and Relief Defendants, as well

9 | as those acting in their place, are required to assist the Receiver in fulfilling her duties and

10 | obligations.  As such, they must respond promptly and truthfully to all requests for information and

11 | documents from the Receiver.

12 | ### III.   <u>Access to Books, Records, and Accounts</u>

13 |        15.    The Receiver is authorized to take immediate possession of all assets, bank accounts

14 | or other financial accounts, books and records and all other documents or instruments relating to the

15 | Receivership Defendants or Relief Defendants.  All persons and entities having control, custody, or

16 | possession of any Receivership Property are hereby directed to turn such property over to the

17 | Receiver.

18 |        16.    The Receivership Defendants and Relief Defendants, as well as their agents, servants,

19 | employees, attorneys, any persons acting for or on behalf of the Receivership Defendants or Relief

20 | Defendants, and any persons receiving notice of this Order by personal service, email, facsimile, or

21 | otherwise, having possession of the property, business, books, records, accounts, or assets of the

22 | Receivership Defendants or Relief Defendants, or other Receivership Property, are hereby directed to

23 | deliver the same to the Receiver, her agents and/or employees.

24 |        17.    All banks, brokerage firms, financial institutions, and other persons or entities which

25 | have possession, custody, or control of any Receivership Property that receive actual notice of this

26 | Order by personal service, email, facsimile, or otherwise shall:

27 |        A.    Not liquidate, transfer, sell, convey, or otherwise transfer any Receivership Property except upon instructions from the Receiver;

28 |

1

      B.     Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

2

      C.     Within five (5) business days of receipt of notice of this Order, serve upon the Receiver and counsel for the Commission a certified statement setting forth, with respect to any account or other asset that is Receivership Property, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and

3

4

5

      D.     Cooperate expeditiously in providing information and transferring funds, assets, and accounts to the Receiver or at the direction of the Receiver.

6

7

### IV.   <u>Access to Real and Personal Property</u>

8

18.     The Receiver is authorized to take immediate possession of all personal property of

9

the Receivership Defendants, wherever located, including but not limited to electronically stored

10

information, computers, laptops, hard drives, external storage drives, and any other such memory,

11

media, or electronic storage devices, books, papers, data processing records, evidence of

12

indebtedness, bank records and accounts, savings records and accounts, brokerage records and

13

accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments,

14

contracts, mortgages, furniture, office supplies, and equipment.

15

19.     The Receiver is authorized to take immediate possession of all real property of the

16

Receivership Defendants and Relief Defendants, wherever located, including but not limited to all

17

ownership and leasehold interests and fixtures.  Upon receiving actual notice of this Order by

18

personal service, email, facsimile, or otherwise, all persons other than law enforcement officials

19

acting within the course and scope of their official duties, are (without the express written permission

20

of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such

21

premises; or (c) destroying, concealing, or erasing anything on such premises.

22

20.     In order to execute the express and implied terms of this Order, the Receiver is

23

authorized to change door locks to the premises described above.  The Receiver shall have exclusive

24

control of the keys.  The Receivership Defendants and Relief Defendants, or any other person acting

25

or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have

26

duplicate keys made, nor shall they have keys in their possession during the term of the receivership

27

(without the express written permission of the Receiver).

28

21.     The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Defendants and Relief Defendants, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

22.     Upon the request of the Receiver, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out her duties to take possession, custody, and control of, or identify the location of, any assets, records, or other materials belonging to the Receivership Estate.

## V.    **Notice to Third Parties**

23.     The Receiver shall promptly give notice, which may be by electronic means, of her appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers, and general and limited partners of the Receivership Defendants and Relief Defendants, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

24.     All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to the Receivership Estate shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Defendant or Relief Defendant had received such payment.

25.     In furtherance of her responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity, or government office that she deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estates.  All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC.

26.     The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of any of the Receivership Defendants or Relief Defendants (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Defendants or Relief Defendants.  The

1  Postmaster shall not comply with, and shall immediately report to the Receiver, any change of

2  address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail.

3  The Receivership Defendants and Relief Defendants shall not open any of the Receiver's Mail and

4  shall immediately turn over such mail, regardless of when received, to the Receiver. The foregoing

5  instructions shall apply to any proprietor, whether individual or entity, of any private mail box,

6  depository, business or service, or mail courier or delivery service, hired, rented, or used by the

7  Receivership Defendants or Relief Defendants. The Receivership Defendants and Relief Defendants

8  shall not open a new mailbox, or take any steps or make any arrangements to receive mail in

9  contravention of this Order, whether through the U.S. mail, a private mail depository, or courier

10  service.

11      27.      Subject to payment for services provided, any entity furnishing water, electric,

12  telephone, sewage, garbage or trash removal services to the Receivership Defendants or Relief

13  Defendants shall maintain such service and transfer any such accounts to the Receiver unless

14  instructed to the contrary by the Receiver.

15  **VI.   Injunction Against Interference with Receiver**

16      28.      The Receivership Defendants and Relief Defendants and all persons receiving notice

17  of this Order by personal service, email, facsimile, or otherwise, are hereby restrained and enjoined

18  from directly or indirectly taking any action or causing any action to be taken, without the express

19  written agreement of the Receiver, which would:

20      A.      Interfere with the Receiver's efforts to take control, possession, or
            management of any Receivership Property; such prohibited actions include but
21          are not limited to, using self-help or executing or issuing or causing the
            execution or issuance of any court attachment, subpoena, replevin, execution,
22          or other process for the purpose of impounding or taking possession of or
            interfering with or creating or enforcing a lien upon any Receivership Property;
23

24      B.      Hinder, obstruct or otherwise interfere with the Receiver in the performance of
            her duties; such prohibited actions include but are not limited to, concealing,
25          destroying, or altering records or information;

26      C.      Dissipate or otherwise diminish the value of any Receivership Property; such
            prohibited actions include but are not limited to, releasing claims or disposing,
27          transferring, exchanging, assigning, or in any way conveying any Receivership
            Property, enforcing judgments, assessments, or claims against any
28          Receivership Property or any Receivership Defendant or Relief Defendant,
            attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate

1         (the due date), of any lease, loan, mortgage, indebtedness, security agreement, or other agreement executed by any Receivership Defendant or Relief

2         Defendant or which otherwise affects any Receivership Property; or

        D.     Interfere with or harass the Receiver, or interfere in any manner with the

3         exclusive jurisdiction of this Court over the Receivership Estates.

4       29.    The Receivership Defendants and Relief Defendants shall cooperate with and assist

5 the Receiver in the performance of her duties.

6       30.    The Receiver shall promptly notify the Court and SEC counsel of any failure or

7 apparent failure of any person or entity to comply in any way with the terms of this Order.

8                          **VII.**   **Stay of Litigation**

9       31.    As set forth in detail below, the following proceedings, excluding the instant

10 proceeding and all police or regulatory actions and actions of the Commission related to the above-

11 captioned enforcement action, are stayed until further Order of this Court:

12         All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or

13         other actions of any nature involving: (a) the Receiver, in her capacity as Receiver, or the Monitor, in her capacity as Monitor; (b) any Receivership Property,

14         wherever located, or any property interests of the Monitorship Defendants or Relief Defendant; (c) any of the Receivership Defendants or Relief Defendants, or

15         Monitorship Defendants or Relief Defendant, including subsidiaries and partnerships; or (d) any of the Receivership Defendants' and Relief Defendants' or

16         Monitorship Defendants' or Relief Defendant's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with,

17         any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such

18         proceedings are hereinafter referred to as "Ancillary Proceedings").

19       32.    The parties to any and all Ancillary Proceedings are enjoined from commencing or

20 continuing any such legal proceeding, or from taking any action, in connection with any such

21 proceeding, including, but not limited to, the issuance or employment of process.

22       33.    All Ancillary Proceedings are stayed in their entirety, and all Courts having any

23 jurisdiction thereof are enjoined from taking or permitting any action until further Order of this

24 Court.  Further, as to a cause of action accrued or accruing in favor of one or more of the

25 Receivership Defendants or Relief Defendants or Monitorship Defendants or Monitorship Relief

26 Defendant against a third person or party, any applicable statute of limitation is tolled during the

27 period in which this injunction against commencement of legal proceedings is in effect as to that

28 cause of action.

1

## VIII.  <u>Managing Assets</u>

2      34.    For each of the Receivership Estates, where appropriate and necessary in the judgment

3 of the Receiver, the Receiver shall establish one or more custodial accounts at a federally insured

4 bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

5      35.    The Receiver may, without further Order of this Court, transfer, compromise, or

6 otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of

7 business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate,

8 and with due regard to the realization of the true and proper value of such Receivership Property.

9      36.    Subject to Paragraph 37, immediately below, the Receiver is authorized to locate, list

10 for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and

11 reasonable actions to cause the sale or lease of all real property in the Receivership Estates, either at

12 public or private sale, on terms and in the manner the Receiver deems most beneficial to the

13 Receivership Estate, and with due regard to the realization of the true and proper value of such real

14 property.

15      37.    Upon further Order of this Court, pursuant to such procedures as may be required by

16 this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be

17 authorized to sell, and transfer clear title to, all real property in the Receivership Estates.

18      38.    The Receiver is authorized to take all actions to manage, maintain, and/or wind-down

19 business operations of the Receivership Estates, including making legally required payments to

20 creditors, employees, and agents of the Receivership Estates and communicating with vendors,

21 investors, governmental and regulatory authorities, and others, as appropriate.

22

## IX.  <u>Investigate and Prosecute Claims</u>

23      39.    Subject to the requirement, in Paragraph 40, immediately below, that leave of this

24 Court is required to resume or commence certain litigation, the Receiver is authorized, empowered,

25 and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise,

26 and/or adjust actions in any state, federal, or foreign court or proceeding of any kind as may in her

27 discretion, and in consultation with SEC counsel, be advisable or proper to recover and/or conserve

28 Receivership Property.

1    40.    Subject to her obligation to expend receivership funds in a reasonable and cost-
2    effective manner, the Receiver is authorized, empowered, and directed to investigate the manner in
3    which the financial and business affairs of the Receivership Defendants and Relief Defendants were
4    conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for
5    the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and
6    appropriate.  The Receiver may seek, among other legal and equitable relief, the imposition of
7    constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers,
8    rescission and restitution, collection of debts, and such other relief from this Court as may be
9    necessary to enforce this Order.

10    41.    The Receiver hereby holds, and is therefore empowered to waive, all privileges,
11    including the attorney-client privilege, held by all entity Receivership Defendants and Relief
12    Defendants.

13    42.    The Receiver has a continuing duty to ensure that there are no conflicts of interest
14    between the Receiver, her Retained Personnel (as that term is defined below), and the Receivership
15    Estate.

16                          X.    **Bankruptcy Filing**

17    43.    The Receiver may seek authorization of this Court to file voluntary petitions for relief
18    under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Defendants
19    and Relief Defendants.  If a Receivership Defendant or Relief Defendant is placed in bankruptcy
20    proceedings, the Receiver may become, and may be empowered to operate each of the Receivership
21    Estates as a debtor in possession.  In such a situation, the Receiver shall have all of the powers and
22    duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other
23    person or entity.  Pursuant to Paragraph 7 above, the Receiver is vested with management authority
24    for all Receivership Defendants and Relief Defendants and may therefore file and manage a Chapter
25    11 petition.

26    44.    The provisions of Section VII above bar any person or entity, other than the Receiver,
27    from placing any of the Receivership Defendants in bankruptcy proceedings.

28

## XI.   Liability of Receiver

45.     Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with her fiduciary obligations in this matter.

46.     The Receiver and her agents, acting within the scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree.  In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

47.     This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

48.     In the event the Receiver decides to resign, the Receiver shall first give written notice to the Court, and to the SEC's counsel of record, of her intention, and the resignation shall not be effective until the Court appoints a successor.  The Receiver shall then follow such instructions as the Court may provide.

## XII.   Recommendations and Reports

49.     The Receiver is authorized, empowered, and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property (the "Recovery Plan").

50.     Within ninety (90) days of the entry of this Order, the Receiver shall file the Recovery Plan in the above-captioned action, with service copies to counsel of record.

51.     Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of the Receivership Estates (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those

1 | claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership

2 | Estates.

3 |     52.    The Quarterly Status Report shall contain the following:

    A.    A summary of the operations of the Receiver;

    B.    The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

    C.    A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

    D.    A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

    E.    A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and (ii) collecting such judgments);

    F.    A list of all known creditors with their addresses and the amounts of their claims;

    G.    The status of any litigation brought by the Receivership Estate and of any Creditor Claims Proceedings, after such proceedings have been commenced; and

    H.    The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

    53.    On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

### XIII.  Fees, Expenses and Accountings

    54.    Subject to Paragraphs 55 to 61 immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership.  Further, prior Court approval is not required for payments of applicable federal, state, or local taxes.

1    55.    Subject to Paragraph 56 immediately below, the Receiver is authorized to solicit

2 persons and entities ("Retained Personnel") to assist her in carrying out the duties and responsibilities

3 described in this Order.  The Receiver shall not engage any Retained Personnel without first

4 obtaining an Order of the Court authorizing such engagement.

5    56.    The Receiver and Retained Personnel are entitled to reasonable compensation and

6 expense reimbursement from the Receivership Estates as described in the "Billing Instructions for

7 Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the

8 "Billing Instructions") agreed to by the Receiver.  Such compensation shall require the prior approval

9 of the Court.

10    57.    Within forty-five (45) days after the end of each calendar quarter, the Receiver and

11 Retained Personnel shall apply to the Court for compensation and expense reimbursement from the

12 Receivership Estates (the "Quarterly Fee Applications").  At least thirty (30) days prior to filing each

13 Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC a

14 complete copy of the proposed Application, together with all exhibits and relevant billing information

15 in a format to be provided by SEC staff.

16    58.    All Quarterly Fee Applications will be interim and will be subject to cost benefit and

17 final reviews at the close of the receivership.  At the close of the receivership, the Receiver will file a

18 final fee application, describing in detail the costs and benefits associated with all litigation and other

19 actions pursued by the Receiver during the course of the receivership.

20    59.    Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the

21 amount of fees and expenses for each application filed with the Court.  The total amounts held back

22 during the course of the receivership will be paid out at the discretion of the Court as part of the final

23 fee application submitted at the close of the receivership.

24    60.    Each Quarterly Fee Application shall:

25       A.    Comply with the terms of the Billing Instructions agreed to by the
             Receiver; and,

26

27       B.    Contain representations (in addition to the Certification required by the
             Billing Instructions) that: (i) the fees and expenses included therein were
             incurred in the best interests of the Receivership Estate; and (ii) with the
28           exception of the Billing Instructions, the Receiver has not entered into

1        any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

2

3      61.    At the close of the Receivership, the Receiver shall submit a Final Accounting, in a

4  format to be provided by SEC staff, as well as the Receiver's final application for compensation and

5  expense reimbursement.

6  **XIV.  Powers of the Monitor**

7      62.    The Monitor shall be empowered to:

8      A.    Have full and complete access to each of the Monitorship Defendants' and the
9      Monitorship Relief Defendant's books and records, including internal records as well as bank, financial institution and other records, but excluding attorney-
10  client communications between the Monitorship Defendants and their respective counsel;

11      B.    Have full and complete access to the principals, officers, employees, agents,
12      and consultants of each of the Monitorship Defendants and the Monitorship Relief Defendant, or anyone else who is otherwise associated with those
13  entities to carry out the Monitor's assignment, except that no one shall be required to disclose attorney client communications between the Monitorship
14  Defendants and their respective counsel;

15      C.    Have full and complete access to the counterparties to any contracts of the
16      Monitorship Defendants and the Monitorship Relief Defendant, for the purpose of evaluating the terms of the contract including whether the contractual
17  relationship would be disrupted by converting the Monitor to a Receiver over that entity;

18      D.    Review and monitor a report prepared every two weeks of all transactions of any Monitorship Defendants or the Monitorship Relief Defendant;

19      E.    Enter into any and all offices and premises and facilities maintained or
20      managed by any of the Monitorship Defendants or the Monitorship Relief Defendant, except those facilities for which additional credentials are
21  necessary (and Monitor Defendants and/or Monitor Relief Defendants shall assist the Monitor in obtaining the necessary additional credentials if so
22  requested);

23      F.    Identify and locate all money, assets, real property, and investments held by, or
    for the benefit of, each of the Monitorship Defendants and the Monitorship
24  Relief Defendant;

25      G.    Identify and locate all investors and owners in each of the Monitorship Defendants and the Monitorship Relief Defendant;

26      H.    Identify all debts, accounts payable, liabilities and unpaid obligations of the
27      Monitorship Defendants and the Monitorship Relief Defendant;

28      I.    Engage and employ the same persons as those employed in her capacity as Receiver to assist her in carrying out her duties and responsibilities as Monitor,

including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders, or auctioneers;

J.   Contact any of the EB-5 investors associated with any the Monitorship Defendants and Monitorship Relief Defendant or, if they are represented, counsel for such investors;

K.   Apply to the Court for an order compelling compliance with this Order or seeking a modification of this Order.

## XV.   Fees and Expenses of the Monitor

63.   The Monitor is authorized to employ the same persons and entities she employs as Receiver to assist her in carrying out her duties and responsibilities as Monitor. The Monitor shall not engage any such persons or entities without first obtaining an Order from the Court authorizing such engagement.

64.   The Monitor and anyone she employs pursuant to Paragraphs 62 and 63 are entitled to reasonable compensation and expense reimbursement. Such compensation shall require the prior approval of the Court.

65.   The Monitorship Defendants and the Monitorship Relief Defendant shall each pay, upon approval of this Court as set forth below, the reasonable costs, fees and expenses of the Monitor incurred in connection with the performance of the powers and duties described herein related to their respective businesses, as identified by the Monitor, including but not limited to such costs, fees and expenses of all persons retained by the Monitor with the Court's approval to assist in carrying out the Monitor's powers and duties. All applications for costs, fees and expenses of the Monitor and those employed by the Monitor shall be made by application to the Court, with notice to all parties and an opportunity to be heard, setting forth in reasonable detail the nature of such costs, fees, and expenses. Such applications shall be submitted quarterly at the same time as the applications made by the Receiver.

## XVI.   Liability of Monitor

66.   The Monitorship Defendants and Monitorship Relief Defendant shall indemnify, defend and hold harmless the Monitor and her agents, employees, consultants, successors, and assigns, from and against all actions (pending or threatened and whether at law or in equity in any forum), liabilities, damages, losses, costs, and expenses, including but not limited to reasonable

attorneys' and other professionals' fees, arising from the conduct or omission of the Monitor or her agents, employees and consultants under the terms of this Order, except for any such conduct or omission adjudged by the Court to be the result of gross negligence or willful misconduct.

## XVII.   **Bankruptcy Filing**

67.   The Monitorship Defendants and Monitorship Relief Defendant are each hereby enjoined from filing a voluntary petition in bankruptcy without at least five days' notice to the Monitor, to the SEC (by notice to the attorneys appearing on the SEC's behalf in this matter), and to the Court.  Upon receiving such notice, the Monitor or the SEC may seek appropriate expedited relief from this Court.

## XVIII.   **Binding Notice**

68.   In accordance with Rule 65(d) of the Federal Rules of Civil Procedure, this Order shall be binding upon all parties to this action and upon all persons who receive actual notice of it through personal service or otherwise.


IT IS SO ORDERED.


DATED <u>March 29</u>, 2017

_____
Richard Seeborg
UNITED STATES DISTRICT JUDGE

# PROOF OF SERVICE

I, Jeanne Rose, declare:

I am a citizen of the United States and am employed in the County of Alameda. I am over the age of 18 years and not a party to the within-entitled action. My business address is 1111 Broadway, 24th Floor, Oakland, California, 94607-4036.

On the date set forth below, I served true copies of the following document(s) described as:

## NOTICE OF STAY

[X]     **BY ECF NOTIFICATION:** A copy of this document was served by ECF notification to the participating ECF recipient below:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on March 31, 2017, at Oakland, California.


_____/s/ Jeanne Rose_____
JEANNE ROSE

**Service by ECF**
jburton@burtonemploymentlaw.com
Jocelyn Burton, Esq.
Burton Employment Law
1930 Harrison Street, Suite 400
Oakland, CA 94612